UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TODD DUKE SPIVEY | * | CIVIL ACTION |
| VERSUS | * | NO. 18-12878 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION "E" (2) |
| | * | |

Related to:  12-968 BELO
       in MDL No. 2179

**ORDER AND REASONS**

Before me is Plaintiff Todd Duke Spivey's Motion to Compel seeking an order compelling non-party American Petroleum Institute ("API") to produce documents being withheld or provide a log of withheld documents in response to Plaintiff's Rule 45 subpoena.  ECF No. 111.  API filed an Opposition Memorandum, and Plaintiff filed a Reply Memorandum.  ECF Nos. 114, 115.

At Plaintiff's request, the Court heard oral argument on Wednesday, December 18, 2024. After hearing oral argument and taking the matter under submission, and having considered the record, the oral and written arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is DENIED IN PART AND DENIED WITHOUT PREJUDICE IN PART for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Todd Duke Spivey filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC") against Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP") on December 8, 2018, alleging injuries as a result of exposure to oil, dispersants and other harmful chemicals while employed doing Deepwater Horizon cleanup operations from October 2010 to late September 2011.  ECF No. 86 ¶¶ 2, 4, 46-53.  Plaintiff's other BELO suits have all been consolidated with his first case.  *See*

1

Civ. No. 21-1236, ECF No. 9; Civ. No. 22-64, ECF No. 9; 22-1021, ECF No. 8; Civ. No. 23-1655, ECF No. 5.

On December 7, 2023, Plaintiff's counsel served a subpoena duces tecum on non-party API, seeking information pertaining to API and its members' knowledge of the use of dispersant, its involvement with the Deepwater Horizon response, and its role in the development of certain epidemiological publications produced by Otto Wong and Gerhard K. Raabe.  ECF Nos. 111-1 at 1; 111-2; [1] *see also* Civ. No. 21-290, ECF No. 53-1 at 2.  After an agreed extension, API served written objections on January 17, 2024.  ECF Nos. 111-11; 113-1 at 4-5.  On January 25, 2024, Plaintiff withdrew the requests related to ExxonMobil Oil Corporation and Shell USA, Inc.  ECF No. 113-1 at 64.

Plaintiff and API negotiated search terms for API to use in its email and document searches.[2]  The motion's attached correspondence reflect twelve categories of information, or "Searches," at issue:[3]

- Deepwater Horizon and BP (1) Emails and (2) Documents;
- Task Force Agenda (3) Emails and (4) Documents;
- Wong and Raabe (5) Emails and (6) Documents;
- Health Effect (7) Emails and (8) Documents;
- (9) ChemRisk, (10) Denis Paustenbach, and (11) Heather Avens Communications; and
- (12) Exponent Communications.[4]

---

[1] Counsel initially served this subpoena on API in the matter of *Pabst v. BP Exploration & Production, Inc.*, No. 21-290 (E.D. La.).  Judge Milazzo ordered the subpoena transferred to this case after granting the unopposed motion to transfer.  Civ. No. 21-290, ECF Nos. 53, 54.
[2] *See, e.g.*, ECF 113-1 at 63-68 (April 1, 2024, letter from Plaintiff's counsel to API's counsel describing their efforts to agree on search terms and results from API's running thereof from December 18, 2023 meet and confer to then).
[3] ECF No. 111-1 at 6-7 (noting Plaintiff's counsel sought confirmation that API refuses to produce documents in response to searches 1-4, 7, 8, 10, and 11 and that it rejects Plaintiff's proposal to "table" searches 5, 6, 7, and 9).
[4] ECF No. 113-1 at 52-53, 105-07.

2

Neither Plaintiff nor API have clearly identified which of Plaintiff's 53 separate document requests correspond to the twelve "searches" and which requests are at issue. They also have not described the information sought under these categories. Based on a painstaking review of the attached correspondence, the Court has determined that Searches (5) and (6) relate to Request Nos. 36-41, 43 and 50 but otherwise cannot discern the requests at issue in the other Searches.[5]

As of July 12, 2024, API has produced 756 documents in response to Plaintiff's subpoena. ECF No. 111-1 at 6. On August 7, 2024, API indicated that it believed its searches were complete. ECF No. 113-1 at 61-62. Plaintiff disagreed and asked API to produce 200 documents associated with Searches (1) and (2) withheld as nonresponsive as well as documents withheld as nonresponsive for Searches (3), (4), (7), (8), (10), and (11). *Id.* at 56-57. Alternatively, Plaintiff requested that API prepare a log (akin to a privilege log) identifying all located documents not produced on the basis of nonresponsiveness. *Id.* API refused to produce or log nonresponsive documents. *Id.* at 56.

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff argues that API should be required to produce documents withheld as nonresponsive and/or irrelevant because the documents "hit" on the negotiated search terms, which it asserts were designed to capture documents that are relevant and admissible, or reasonably likely to lead to discovery of admissible evidence. ECF 111-1 at 9-10. Plaintiff contends that the negotiated search terms define the scope of discovery because they were agreed upon and narrowly tailored to capture responsive documents. *Id.* at 10-12. He notes three documents API withheld

---

[5] *Id.* at 50. Requests Nos. 36 through 41 and 43 seek documents and invoices pertaining to financial transactions and funding of certain articles published by Wong and Raabe. *See* ECF Nos. 111-2 at 22-23; 111-4 (Exhibit 2); 111-5 (Exhibit 3); 111-6 (Exhibit 4); 111-7 (Exhibit 5); 111-8 (Exhibit 6); 111-9 (Exhibit 7). Request 50 seeks all documents pertaining to publications and scientific conferences/presentations by the authors relating to benzene exposure and its effects on human health. ECF 111-2 at 25.

the attachments thereof on relevance and/or responsiveness grounds despite their titles indicate relevance. *Id.* at 12. Further, he argues API is required to produce evidence to substantiate its claim that documents withheld are nonresponsive. *Id.* at 13.

Plaintiff contends his requested relief (*i.e.*, production or log of nonresponsive documents) neither prejudices nor unduly burdens API under the Fifth Circuit's six-factor test.[6] *Id.* at 14-17. Any burden is outweighed by the importance of the document to resolving issues of causation, and API has failed to show the requests are unduly burdensome. *Id.* at 15-16. Further, API's nonresponsiveness and irrelevance objections are overly vague and boilerplate. *Id.* at 17-21.

In Opposition, API contends that Plaintiff is not entitled to nonresponsive and/or irrelevant documents, even those generated by running the negotiated search terms, because agreeing to search terms does not alter the scope of discovery under Rule 26 nor waive a party's right to review potentially responsive documents for relevance. ECF No. 114 at 3-4. Further, API argues correspondence between it and Plaintiff shows API neither agreed nor contemplated mandatory production of all search term hits; rather, API simply agreed to review hits for responsiveness and privilege. *Id.* at 4-7. API contends that Plaintiff is not entitled to irrelevant documents that are unrelated to any issue that may be litigated under the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MBCA"), as amended May 1, 2012;[7] thus, his requests are overly broad. *Id.* at 8-11. API further argues Plaintiff has no authority to support a demand to log every nonresponsive document, and API provided a privilege log. *Id.* at 11. As to the missing attachments, API asserts it was not aware of the oversight as Plaintiff did not raise that issue in any meet and confer, but API has now produced the documents. *Id.* at 11-12. API notes that Rule 45 allows a nonparty to object; it does not require a third party to file a motion to quash. *Id.* at 13.

---

[6] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004).
[7] MDL No. 10-2179, ECF No. 6427-1 at 72.

In Reply, Plaintiff argues that API is applying a higher standard for relevancy during the discovery stage than what is allowed, and thus, is withholding relevant documents. ECF No. 115 at 2. Plaintiff further argues that a log is proportional and not burdensome given the discovery's importance; API withheld relevant attachments based on its own interpretation of relevance/responsiveness; and API has not shown undue financial burden nor has it provided declarations and affidavits of its search and review process. *Id.* at 3-6. He also argues API's complaint that his requests, particularly his request for API's communications with BP pertaining to the Deepwater Horizon oil spill, are overly broad and beyond the limitations of the MBCA is misplaced because he modified and narrowed that request. *Id.* at 6.

### III. APPLICABLE LAW

#### A. Objections to a Rule 45 Subpoena

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure; a party may command a non-party to produce materials, specifically "documents, electronically stored information, or tangible things" in the non-party's possession, custody, or control. FED. R. CIV. P. 45(a)(1)(A)(iii). The non-party has three means of challenging the subpoena duces tecum: (1) written objections, (2) a motion to quash or modify the subpoena, *or* (3) a protective order. *Id.* at 45(d)(2)(B), (d)(3); FED. R. CIV. P. 26(c).

Rule 45(d)(2)(B) objections are subject to the same requirements of Rule 34(b)(2)(B). Thus, objections must be made with specificity and contain an explanation and support.[8] General or boilerplate objections, those that use standardized, ready-made or all-purpose language without

---
[8] *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015) (citing *Heller v. City of Dall.*, 303 F.R.D. 466, 483 (N.D. Tex. 2014)); *MetroPCS v. Thomas*, 327 F.R.D 600, 607 (N.D. Tex. 2018).

regard to the particular discovery request,[9] are prohibited.[10] Any objection must clearly state how the information sought is not relevant to any claim or defense or how the request is overbroad, burdensome or oppressive.[11] Once a nonparty timely serves written objections, the non-party's compliance obligation is suspended;[12] the serving party may then file a motion to compel compliance. FED. R. CIV. P. 45(d)(2)(B)(i).

### B. Undue Burden Test

On timely motion, a court must quash or modify a subpoena if, among other things, it subjects a person to "undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). To determine whether a subpoena is unduly burdensome, the court considers "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."[13] If the subpoena is directed to a non-party,

---

[9] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).
[10] *Am. Fed'n of Musicians*, 313 F.R.D. at 46; *MetroPCS*, 327 F.R.D. at 607.
[11] *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051 at *3 (E.D. La. Jan. 21, 2015) (citation omitted) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond").
[12] FED. R. CIV. P. 45(d)(2)(B); *Am. Fed'n of Musicians*, 313 F.R.D. at 44 (citing *Hodnett v. Smurfit-Stone Container Enters., Inc.*, No. 09-1256, 2010 WL 3522497, at *1 n.3 (W.D. La. Sept. 2, 2010)).
[13] *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (brackets in original) (quoting *Wiwa*, 392 F.3d 812 at 818).

the court must be sensitive to the nonparty's compliance costs.[14]  Modification of a subpoena is generally preferred to quashing it outright.[15]

Relevance is measured by Rule 26(b)(1),[16] which provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Information is relevant if it bears on, or reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.[17]  In the Fifth Circuit, the party, or non-party, "opposing discovery bears the burden of showing the requested information is not relevant."[18]  This burden requires the objecting party to establish that the information has "no possible bearing on the claim or defense of the party seeking discovery."[19]  When a non-party objects on the basis of relevance, it must show specifically how each request is irrelevant.[20]  If relevance is in doubt, a court should allow discovery.[21]

The party resisting discovery likewise bears the burden of establishing undue burden or

---

[14] *Id.*; *see also* FED. R. CIV. P. 45(d)(2)(B)(ii).
[15] *Wiwa*, 392 F.3d at 818 (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998); *Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996)).
[16] *Leonard*, 38 F.4th at 489; *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.).
[17] *Leonard*, 38 F.4th at 489 (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)).
[18] *Dotson*, 2017 WL 11535244, at *2 (citing *Mcleod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *accord. League of United Latin Am. Citizens v. Abbott*, No. 21-259, 2022 WL 3593055, at *3 (W.D. Tex. Aug. 22, 2022) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)) ("This Court finds *McLeod* controlling and thus agrees with its sister courts that place the initial burden of showing whether a document request is relevant on the party *resisting discovery*."); *Revels v. Standard Ins. Co.*, 504 F. Supp. 3d 556, 563 (N.D. Tex. 2020) (Ramirez, J.) (citations omitted) ("In this circuit, the burden is on the party resisting discovery to show how each discovery request is not relevant or otherwise objectionable.").
[19] *Dotson*, 2017 WL 11535244, at *2 (citing *Merrill*, 227 F.R.D. at 470).
[20] *Id.* (quoting *S.E.C. v. Brady*, 238 F.R.D. 429, 436 (N.D. Tex. 2006) (quoting *Mcleod*, 894 F.2d at 1485)).
[21] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

expense.[22]  Nonetheless, a subpoena is unduly burdensome on the responding party and must be quashed to the extent it seeks production of newly generated materials rather than production of existing materials/information, because Rule 45(a)(1)(A)(iii) does not contemplate the party being compelled to analyze and create documents to respond.[23]

## IV.    ANALYSIS

In response to Plaintiff's subpoena duces tecum, API responded with written objections within the agreed extended deadline.[24]  Thus API was not also required to file a motion to quash or seek a protective order.

Plaintiff is not seeking a log of privilege documents withheld from production;[25] rather, he seeks to require API to create a new log describing every document that API withheld on the basis of responsiveness/relevance so that he may determine whether API's objections are justified.  The Federal Rules of Civil Procedure do not require such a log.[26]  And Rule 45 simply does not require a party to create new documents to respond to a subpoena, and imposing an obligation to create a

---

[22] *See McLeod*, 894 F.2d at 1485 (requiring the party resisting discovery on grounds of overbreadth, burden, or oppression to specifically show how).
[23] *Leonard*, 38 F.4th at 490 (citing *McGlone v. Centrus Energy Corp.*, No. 19-2196, 2020 WL 4462305, at *3 (S.D. Ohio Aug. 4, 2020) (collecting cases); *Taylor v. Kilmer*, No. 18-7403, 2020 WL 606781, at *3 (N.D. Ill. Feb. 7, 2020) (same); *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016) (same); 9 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.10 (Matthew Bender 3d ed. 2021) ("A command to produce may be made only for documents, electronically stored information, or things already in existence; accordingly, although a subpoena may compel a person to *produce* a document or thing, it may not compel the person to *create* the document or thing in the first instance.")); *Delone v. USAA Gen. Indem. Co.*, No. 23-582, 2024 WL 628838, *5 (M.D. La. Feb. 14, 2024) (citation omitted) ("As Request No. 7 asks [nonparty] to generate new information by creating a spreadsheet, Request No. 7 is unduly burdensome and must be quashed.").
[24] FED. R. CIV. P. 45(d)(2)(B).
[25] A responding party withholding subpoenaed information based on privilege must provide a privilege log pursuant to Rule 45(e)(2)(B).  *Jordan v. Aries Marine Corp.*, No. 14-377, 2015 WL 151336, at *1-2 (E.D. La. Jan. 12, 2015) ("Proper assertion [of privilege or work production objections to a Rule 45 subpoena] require provision of a privilege log.").  API states it has produced a privilege log.  ECF No. 114 at 11.
[26] *See Willmore v. Savvas Learning Co.*, No. 22-2352, 2023 WL 6124045, at *10 (D. Kan. Sept. 19, 2023) (denying moving party's request to require responding party to provide a relevancy log for documents withheld because, among other things, the "Federal Rules contain no requirement" for such a log); *Malone v. United Parcel Serv., Inc.*, No. 21-3643, 2022 WL 18775906, at *6 (E.D. Pa. Nov. 28, 2022) ("There [is no] . . . basis to require Defendant to log documents withheld as non-responsive or irrelevant.").

log of every irrelevant/nonresponsive document is unduly burdensome.[27]  Plaintiff's request that API be compelled to produce a log of the documents deemed nonresponsive and withheld in response to his subpoena is denied.

Plaintiff's request that API be compelled to produce all documents located via search using the negotiated search terms[28] also fails.  Plaintiff and API did not agree to producing all documents generated by the negotiated search terms searches.  Rather, the attached correspondence reflects that API repeatedly indicated that located documents would be subject to review for responsiveness before production,[29] and Plaintiff understood same.[30]  Thus, while Plaintiff and API agreed to use search terms to simplify and limit the number of documents that would need to be reviewed for responsiveness and privilege,[31] there is no indication that API agreed to forego the responsiveness review under Rule 26(b)(1).  The absence of any such agreement distinguishes this situation from what this Court has previously held.[32]  The agreement to run negotiated search

---

[27] *Leonard*, 38 F.4th at 490 ("Rule 45 does not contemplate a subpoena requiring a nonparty to analyze documents in the nonparty's possession and generate new information.").
[28] ECF No. 111 at 9-10.
[29] *See, e.g.*, ECF 113-1 at 3 (API counsel's January 12, 2024, correspondence, stating API "is searching to identify communications with [BP] . . . and will review those to determine responsiveness and, if applicable, any privilege"); *Id.* at 35-36 (API counsel's May 17, 2024, correspondence, stating API is "diligently working to review the next batch of documents for responsiveness . . . ."); *Id.* at 157 (API counsel's June 7, 2024, correspondence, stating: "[T]he broad requests and related searches developed were designed to capture documents so that API could review those and determine what was both relevant and responsive. As [Plaintiff's counsel's] letter acknowledges, API objected to the subpoena from the outset that the request were overbroad and that to the extent the requests sought information not relevant to the lawsuit, they were out of bounds.").
[30] *Id.* at 102 (Plaintiff's counsel's February 6, 2024, correspondence, stating: "Please let us know whether API intends to allow the BP defendants to conduct a *secondary review* for privilege or responsiveness of API documents prior to the release of the documents."); *Id.* at 63 (Plaintiff's counsel's April 1, 2024, correspondence, stating: "On February 6, 2024, [counsel] sent a letter to API outlining specific search criteria in an effort to limit the overall volume of records needed to be reviewed for responsiveness to the Subpoena."); *Id.* at 47 (Plaintiff's counsel's May 1, 2024, correspondence, stating: "API plans to produce non-privileged, responsive documents [from those generated from Search 1 & 2].  Plaintiff *agrees with this course of action*.").
[31] *BancPass, Inc. v. Highway Toll Admin., LLC*, No. 14-1062, 2016 WL 4031417, at *3 (W.D. Tex. July 26, 2016) ("The Court's reading of the email chain is that the parties agreed to produce all of the results of the searches save privilege objection.  But the parties' e-mail exchange is not a contract.  Rather, it was a means to simplify and limit the scope of production responsive to BancPass's requests."); ECF No. 111-1 at 10 ("The point of having such lengthy negotiations was to jointly establish specific search terms methodologies to narrowly capture responsive documents.").
[32] In *Total Safety U.S., Inc. v. Rowland*, No. 13-6109, 2014 WL 1691551, at *8 (E.D. La. Apr. 29, 2014), the court required the party that withheld documents based on relevance to produce the "hits" because the agreed protocol

terms does not waive the responding party's objections to producing nonresponsive documents.[33] Likewise, Plaintiff's argument that API must produce all "hits" because the negotiated search terms were designed to generate relevant documents is unconvincing. Regardless of how tailored a search term is, not every document located via electronic word search produces relevant information.[34] API is entitled to review the "hits" for relevance pursuant to Rule 26(b)(1) and timely raise objections.[35]

Plaintiff also asserts that API's objections are improper general/boilerplate objections. However, instead of identifying any specific document requests as to which Plaintiff contends API's responses are inadequate and showing how so, Plaintiff refers to vague categories of information and documents sought[36] and argues all or most of API's responses are effectively incomplete. Such a general argument leaves the Court unable to adequately assess the merits of his motion with regard to any specific response.[37]

A proper Rule 37(a) motion requires the moving party to specifically identify each

---

defined the scope and procedures and limited the withholding of documents to only documents considered privileged. *Total Safety* is distinguishable.

[33] *See SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corp.*, No. 21-1076, 2023 WL 2585296, at *3 (D. Ariz. Mar. 21, 2023) (citing *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15-1879, 2016 WL 6522807, at *7-8 (S.D. Cal. Nov. 3, 2016) (finding that a party did not waive its right to conduct a relevance review by agreeing to run search terms); *BancPass*, 2016 WL 4031417, at *3 (same); *Palmer v. Cognizant Tech. Sols. Corp.*, No. 17-6848, 2021 WL 3145982, at *9 (C.D. Cal. July 9, 2021) ("The Court will not compel defendants to produce any document simply because it contains a search term whether or not it is responsive to the discovery request, or, by extension, whether or not it is relevant and proportional to the needs of the action."); *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 339 F.R.D. 275, 277 (W.D. Wash. 2021) (same)); *Willmore*, 2023 WL 6124045, at *9 (citations omitted) ("Savas lodged [relevance, overbreadth, and proportionality] objections initially, and its subsequent agreement to run a search using the parties' agreed-upon terms does not constitute acquiescence to produce all resulting documents."); *Singleton v. Mazhari*, No. 22-2554, 2024 WL 1140691, at *3 (D. Md. Mar. 14, 2024) (citing *O'Donnell/Salvatori Inc.*, 339 F.R.D. at 277) ("Finally, the Court notes that hits on a given search term in a given document for a particular custodian, including during the time frames above, does not necessarily mean the document is discoverable.").

[34] *See, e.g., SinglePoint Direct Solar*, 2023 WL 2585296, at *3 ("[T]he fact that a search term is relevant does not eliminate the possibility that it will produce irrelevant documents."); *FlowRider Surf*, 2016 WL 6522807, at *8 ("[D]espite the parties' efforts to tailor the search terms to the issues in this case, the resulting 'hits' contain many irrelevant and unresponsive documents . . . .").

[35] *See generally* ECF 111-11.

[36] ECF No. 111-1 at 6-7; *see supra* text accompanying note 4.

[37] *Holmes v. Reddoch*, No. 19-12749, 2020 WL 5749157, at *4 (E.D. La. Sept. 25, 2020).

discovery request in dispute and the nature and basis of each dispute, ask the Court for specific relief as to each request, and include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute.[38] These requirements apply to Rule 45(d)(2)(B)(i) motions.[39] The Court will not independently review API's objections to Plaintiff's 53 requests in their entirety to ferret out which, if any, are inadequate[40] and to, in effect, make Plaintiff's arguments for him.[41]

## V.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 111) a log of nonresponsive documents or all "hits" is DENIED; the Motion to Compel is otherwise DENIED WITHOUT PREJUDICE to Plaintiff's right to re-file as to any particular request, providing the requisite particularity to enable a proper assessment of the response, as described herein.

New Orleans, Louisiana, this __30th__ day of December, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[38] *Holmes*, 2020 WL 5749157, at *4 (quoting *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017); and citing *McGinley v. Luv N' Care, Ltd.*, No. 17-0821, 2018 WL 9814589, at *7 (W.D. La. Sept. 10, 2018)).

[39] *See Hub Tex., LLC v. Arch Specialty Ins. Co.*, No. 21-180, 2023 WL 11857614, at *14 (N.D. Tex. Feb. 7, 2023) ("Hub does not identify the [subpoena] responses it finds deficient nor does it provide the Court with any legal authority or argument in support of the relief it seeks."). Rule 45 allows for motions to compel the same types of discovery responses as Rule 37. *Compare* FED. R. CIV. P. 37(a)(3)(B)(iv) ("A party seeking discovery may move for an order compelling an answer, designation, production or inspection . . . if . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."), *with* FED. R. CIV. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded party, the serving party may move the court for the district where compliance is required for an order compelling production [of documents or tangible things] or inspection.").

[40] *QuarterNorth Energy, LLC v. Crescent Midstream, LLC*, No. 22-1211, 2023 WL 11891920, at *3 (E.D. La. Aug. 11, 2023).

[41] *Bishop v. May & Young Hotel, L.L.C.*, No. 10-124, 2011 WL 4436750, at *1-2 (M.D. La. Sept. 8, 2011).